IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**ALISHA S. POLING**

    **Plaintiff,**

v.                                                            **Docket No.**
                                                                  **Jury Demand**

**THE CHEATHAM COUNTY BOARD OF EDUCATION**

    **Defendant.**

## COMPLAINT

Comes the plaintiff, Alicia S. Poling, and would show the court as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Nashville, Tennessee and resides within the confines of the jurisdiction of this court.

2. Defendant, Cheatham County Board of Education, is a municipal corporation organized and operating under the laws of the State of Tennessee. Service of process may be obtained by serving a copy of the Summons and Complaint on Mayor David McCullough, 100 Public Sq., Suite 105, Ashland City, TN 37015.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to The Civil Rights Act of 1964, 42 U.S.C. § 2000e (k). Plaintiff has obtained a Notice of Right to Sue from the

Equal Employment Opportunity Commission which is attached as an exhibit to this Complaint.

4. Venue is proper in that the acts or events occurred within the confines of the jurisdiction of this court.

## FACTS

5. Plaintiff began her employment with the Cheatham County, Tennessee Board of Education in August 2009.

6. Plaintiff was assigned to teach at Harpeth Middle School as a special education teacher serving the life skills classroom and 5th grade inclusion students.

7. In December 2009, during the Christmas holidays, Plaintiff discovered she was pregnant. She informed her principal at the end of January 2010 of this fact and that her due date was August 28, 2010.

8. On May 27, 2010, Plaintiff was told that she was being laid off due to the low amount of special education students at the school. At that time there were 4 special education teachers. One of those teachers left due to not having the appropriate credentials to teach special education. Another transferred to a high school.

9. When Plaintiff was laid off, there was only one special education teacher remaining at Harpeth Middle School. Based upon this fact, Plaintiff was certain that she would be rehired. She had proved to be a competent teacher and had performed her job well. She had also come to the system with

5 years experience in the teaching field and had completed two practicum programs at Belmont University. The practicum involved teaching special education students under the supervision of an experienced special education teacher. She had finished a third practicum during the time she was teaching and before she was terminated.

10. In spite of Plaintiff's good performance at her job, she was not rehired. On August 6, 2010, plaintiff received an email from Gail Stone, the remaining special education teacher, that two new special education teachers were hired that had never taught before.

11. Plaintiff was shocked to find out that these two teachers were hired and that she would not be allowed to return.

12. When Plaintiff discovered that the new, less qualified teachers were hired, she called her principal, Shannon Schliwa, to inquire why this had happened. She was told that for one of the positions she wanted someone with "upper level teaching experience" (which Plaintiff had) and as for the other position, Plaintiff was advised that "sometimes things are out of my control". When Plaintiff asked if it was due to her performance, she was assured that it was not. Plaintiff would aver that the above reason is merely a pretext meant to disguise the real reason which is the fact that plaintiff was not rehired because of her pregnancy. Further, plaintiff would aver that the defendant violated the provisions of the teaching contract in not rehiring plaintiff. Specifically, Section XII, G. which states, that (1) As vacancies

arise, a laid-off employee will be recalled to the first available vacancy for which the employee is certified with the senior employee being recalled for such vacancies first and, that (2) No new appointments may be made while there are laid-off employees available who are certified to fill the vacancies.

13.     Plaintiff would aver that she was not rehired due to her pregnancy and for no other reason. The Defendant's actions in terminating the Plaintiff amount to discrimination in violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e (k). Plaintiff would aver that she had nothing but positive evaluations the entire time she was employed and was never reprimanded. As a result of the discriminatory acts of the defendant, plaintiff is now unemployed and her family must live on her husband's salary that is just beginning his career in the nursing profession. This has caused a substantial hardship for plaintiff and her family.

14.     The act of discrimination was done intentionally and in total disregard of the plaintiff's rights under the law. The callousness of defendant's decision amounts to malice which merits the award of punitive damages.

    **WHEREFORE, PREMISES CONSIDERED**, plaintiff prays as follows:

1.     That the defendant be served with a copy of this Summons and Complaint and be required to answer within the time prescribed by law.

2. That the plaintiff be awarded compensatory damages of $750,000.00 which include back pay, front pay, damages for emotional distress, and loss of enjoyment of life.

3. That the plaintiff be awarded reasonable attorney's fees and that the cost of this cause be assessed against the defendant.

4. That a jury be empanelled to hear this case.

Respectfully submitted,

s/James L. Harris No. 014173
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-260-3677
Fax 615-297-6855
jhar401@comcast.net