IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALISHA S. POLING                )
                                )
v.                              ) NO. 3-11-1100
                                ) JUDGE CAMPBELL
CHEATHAM COUNTY BOARD           )
OF EDUCATION                    )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 49). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff's Complaint alleges that she was employed by Defendant in August of 2009 as a special education teacher at Harpeth Middle School. Plaintiff contends that in January of 2010, she informed her principal that she was pregnant. Plaintiff asserts that on May 27, 2010, she was fired by Defendant, although Defendant stated that she was being "laid off" due to fewer special education students at the school.

Plaintiff claims that despite her good performance at the school, she was not rehired when the school ultimately hired two new special education teachers in the summer of 2010. Plaintiff contends that the two teachers hired were less qualified than she was. Plaintiff avers that Defendant's true reason for not rehiring her was her pregnancy. Plaintiff also asserts that Defendant violated the terms of "the teaching contract" when it failed to recall/rehire her. Plaintiff asserts a pregnancy discrimination claim under Title VII and a breach of contract claim.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## PREGNANCY DISCRIMINATION

The prohibition against sex discrimination under Title VII includes discrimination on the basis of pregnancy. 42 U.S.C. § 2000e(k). Thus, a pregnancy discrimination claim is evaluated as a sex discrimination claim. *Ferguson v. Williamson County Dep't of Emergency Communicators*, 2014 WL

2

1689608 at *7 (M.D. Tenn. April 29, 2014) (citing *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000)). Absent direct evidence, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973) applies. *Asmo v. Keane, Inc.*, 471 F.3d 588, 592 (6th Cir. 2006). Thus, the plaintiff must first produce sufficient evidence to make a *prima facie* showing of discrimination. *Id*. If she can make that showing, the burden shifts to the employer to provide a legitimate, non-discriminatory reason for its adverse employment decision. *Id*. If the employer is able to do so, the burden shifts back to the plaintiff who must show that the articulated reason was a pretext for discrimination. *Id*.

In order to show a *prima facie* case of pregnancy discrimination, Plaintiff must show that (1) she was pregnant, (2) she was qualified for her job, (3) she was subjected to an adverse employment action, and (4) there is a nexus between her pregnancy and the adverse employment action. *Asmo*, 471 F.3d at 592. She must show that she was treated differently from non-pregnant employees who were similar in their ability or inability to work. *Ferguson*, 2014 WL 1689608 at * 8.

The Pregnancy Discrimination Act does not require preferential treatment for pregnant employees. Rather, it mandates that employers treat pregnant employees the same as nonpregnant employees who are similarly situated with respect to their ability to work. *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 575 (6th Cir. 2006).

It is undisputed that Plaintiff was pregnant and that she was subjected to an adverse employment action by being "laid off" and by not being rehired. Defendant argues that Plaintiff was not qualified for the job and that there is no nexus between her pregnancy and the adverse employment actions.

3

The Court finds that there are genuine issues of material fact as to whether Plaintiff was qualified. When assessing whether Plaintiff has met her employer's legitimate expectations at the *prima facie* stage, the Court must examine the Plaintiff's evidence independent of the nondiscriminatory reason produced by the Defendant as its reason for its actions. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-61 (6th Cir. 2000). Courts must not use the "qualified" element of the *prima facie* case to heighten the plaintiff's initial burden. *Brintley v. St. Mary Mercy Hospital*, 904 F.Supp.2d 699, 727 (E.D. Mich. 2012); *Payne v. Goodman Mfg. Co.*, 726 F.Supp.2d 891, 906 (E.D. Tenn. 2010) (whether plaintiff establishes a *prima facie* case must be ascertained by weighing plaintiff's evidence that she was meeting her employer's legitimate expectations, not by considering the nondiscriminatory reasons produced by the employer).

Here, Plaintiff has shown that she had taught for one year on a "waiver," and she argues that she could have done that again. Plaintiff also contends that Defendant applied to the State Board of Education for Plaintiff to be officially advanced from an Apprentice license to a Professional license in March of 2010. Docket No. 62, ¶ 25. Plaintiff argues that her principal certified on that Advancement Form that Plaintiff had been evaluated and met the required competency level for all designated domains and was recommended for advancement to the Professional license. Docket No. 60-3, Ex. 20. Plaintiff has shown that her three formal evaluations were satisfactory and that her principal checked "satisfactory" on Plaintiff's Summative Evaluation. Docket No. 62, ¶¶ 18 and 22.

For purposes of summary judgment, Plaintiff has sufficiently created a genuine issue of material fact as to the "qualified" element of her *prima facie* case.

As for the fourth element, a nexus between her pregnancy and the adverse employment actions, the Court finds again that there are genuine issues of material fact. Plaintiff has shown that she

announced her pregnancy in January of 2010, and she was fired four months later. Temporal proximity between the announcement of a pregnancy and the adverse employment action can be sufficient to show a nexus. *Cunningham v. Tennessee Cancer Specialists, PLLC*, 957 F.Supp.2d 899, 918 (E.D. Tenn. 2013). Plaintiff also asserts that her principal gave her misinformation regarding how much maternity leave she was entitled to take, indicating a bias toward Plaintiff's pregnancy. For purposes of summary judgment, the Court finds that Plaintiff has created genuine issues of material fact as to her *prima facie* case.

Defendant's articulated, legitimate, nondiscriminatory reason for its actions has shifted somewhat during the course of the relevant time period. Plaintiff stated that the principal first told her she was terminated because student census data showed the number of incoming special education students was low and, therefore, they did not need another special education teacher for the following year. When they did need special education teachers for the year, Defendant asserted that Plaintiff's poor job performance was the reason she was not rehired. Additionally, Defendant has claimed that Plaintiff was not rehired because the person hired to replace her, Ms. Wall, was more qualified than Plaintiff. For purposes of summary judgment, Defendant has met its burden at this stage.

Therefore, the burden shifts to Plaintiff to show that the reasons asserted by Defendant were merely a pretext for discrimination. Again, the Court finds that there are genuine issues of material fact which preclude summary judgment.

Defendant's arguments concerning poor job performance are, at a minimum, disputed. As shown above, Plaintiff has presented evidence that her job performance was satisfactory and even that Defendant believed she was qualified to advance to a Professional license.

5

Defendant's arguments concerning the relative qualifications of Plaintiff and the person who was hired to replace her are disputed by Plaintiff's presented facts as well. For example, Plaintiff asserts that the statute cited by Defendant concerning the requirements for "permits" (Tenn. Code Ann. § 49-5-106) does not apply because Plaintiff was not teaching on a permit. Docket No. 60-7, ¶ 7. Moreover, Plaintiff avers that the cited statute does not even mention waivers. Plaintiff also argues that the person hired to replace her, Ms. Wall, did not hold a full teaching license, which Plaintiff did, and that Wall was required to teach on a Transitional license, which makes her no more qualified than Plaintiff. Docket No. 60-7, ¶ 40. Plaintiff also contends that Wall never passed the required PRAXIS exams. *Id.*

For purposes of summary judgment, Plaintiff has created a genuine issue of material fact as to pretext. For all these reasons, the Court finds that there are genuine issues of material fact which preclude summary judgment on the issue of pregnancy discrimination, and Defendant's Motion on that issue should be denied.

## BREACH OF CONTRACT

The contract which Plaintiff alleges was breached, although referred to in the Complaint as a "teaching contract," is apparently the Collective Bargaining Agreement between the Board of Education and the local education association. *See* Docket No. 60-5.

Plaintiff contends that Defendant breached the contract by failing to send her a non-renewal letter, by not fully complying with the evaluation process, by not conducting three on-class observations before doing her evaluations, and by not granting her an interview and equal consideration for the special education teacher positions. The Court finds that there are genuine issues

of material fact as to the alleged breaches of the contract as well, and Defendant's Motion as to this issue is DENIED.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 49) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE